**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DEREK S. and ASHLEY T.S., D.O.,
individually and as Guardians *Ad Litem* of their
minor child, J.S.,

                    Plaintiffs,                1:24-cv-767 (AMN/PJE)

v.

THE BALLSTON SPA CENTRAL SCHOOL
DISTRICT and BALLSTON SPA BOARD OF
EDUCATION,

                    Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **COOPER ERVING & SAVAGE LLP** | **CARLO ALEXANDRE C. DE** |
| 20 Corporate Woods Blvd. – Suite 501 | **OLIVEIRA, ESQ.** |
| Albany, NY 12211 | |
| *Attorneys for Plaintiffs* | |
| | |
| **GIRVIN & FERLAZZO, P.C.** | **SCOTT P. QUESNEL, ESQ.** |
| 20 Corporate Woods Blvd. | **MADELINE K. PING, ESQ.** |
| Albany, NY 12211 | |
| *Attorneys for Defendants* | |

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.      INTRODUCTION

Presently before the Court is Plaintiffs Derek S. and Ashley T.S.'s motion for reconsideration of this Court's March 6, 2025 Memorandum Decision and Order, Dkt. No. 26, denying their motion for a preliminary injunction.  Dkt. No. 27 (the "Motion").  Defendants

Ballston Spa Central School District and the Ballston Spa Board of Education filed their opposition on March 31, 2025, Dkt. No. 31, and Plaintiffs filed a reply on April 2, 2025, Dkt. No. 34.

For the reasons set forth below, Plaintiffs' Motion is denied.

## II.    BACKGROUND

Plaintiffs seek preliminary injunctive relief based on Defendants' alleged failure to provide J.S., a student with autism spectrum disorder, access to a structured Applied Behavior Therapy ("ABA therapy") program in school since 2021.  *See generally* Dkt. No. 18.[1]  In particular, Plaintiffs seek an order requiring that Defendants "change the educational program offered to J.S. to include a structured ABA program that is closely supervised by a Board-Certified Behavior Analyst [], including a 1:1 aide who is trained and supervised in ABA therapy to help J.S. make progress while this action is pending."  *Id.* at 2.  On March 6, 2025, the Court denied Plaintiffs' request for a preliminary injunction, finding that while the claims asserted in Plaintiffs' pleadings under Title II of the Americans with Disabilities Amendments Act of 2008 ("Title II") and Section 504 of the Rehabilitation Act of 1973 ("Section 504") are properly before this Court, their request for preliminary injunctive relief is barred by the administrative exhaustion requirement of the Individuals with Disabilities Act ("IDEA").  Dkt. No. 26.  Plaintiffs now seek reconsideration of that denial, arguing that the Court erred in applying the exhaustion requirement and failing to consider exceptions to exhaustion.  *See* Dkt. Nos. 27, 34.

## III.    STANDARD OF REVIEW

As a general matter, "reconsideration is warranted where the moving party can show the court 'overlooked' facts or controlling law that 'might reasonably be expected to alter the

---

[1] The parties' familiarity with the background of this matter is assumed, and only those facts relevant to resolving the Motion are discussed here.

conclusion reached by the court.'" *Zhang v. Ichiban Grp., LLC*, No. 17-cv-00148, 2022 WL 813956, at *1 (N.D.N.Y. Mar. 17, 2022) (quoting *Hum. Elecs., Inc. v. Emerson Radio Corp.*, 375 F. Supp. 2d 102, 114 (N.D.N.Y. 2004)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Furthermore, "[i]n this district, there are only three circumstances under which a court will grant a motion for reconsideration: '(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error of law or prevent manifest injustice.'" *Wright v. Martin, Harding & Mazzotti, LLP*, No. 1:22-CV-515 (MAD/ML), 2024 WL 2399906, at *2 (N.D.N.Y. May 23, 2024) (citing *Lewis v. Martinez*, No. 9:15-cv-55, 2019 WL 2105562, *1 (N.D.N.Y. May 14, 2019)).[2]

## IV.    DISCUSSION

Given the lack of an intervening change in controlling law or new evidence identified in Plaintiff's Motion, the Court construes Plaintiffs' request for reconsideration to assert that there is "a need to correct a clear error of law or prevent manifest injustice." *Wright*, 2024 WL 2399906, at *2 (quoting *Lewis*, 2019 WL 2105562, at *1); *see also* Dkt. No. 27-2 at 4. As discussed below,

---

[2] The parties proceed pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 60(b). However, given that the Court had not yet entered final judgment at the time Plaintiffs filed the Motion, "the Court believes that [the] request for reconsideration is [ ] properly analyzed under [F.R.C.P.] 54(b), which permits federal district courts to reconsider an interlocutory order 'at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Bradshaw v. Fletcher*, No. 19-cv-0428, 2022 WL 22889197, at *3 (N.D.N.Y. Feb. 7, 2022) (first quoting F.R.C.P. 54(b); and then citing *Harris v. Millington*, 613 F. App'x 56, 58 (2d Cir. 2015)). Indeed, the Second Circuit has recently noted that a motion for reconsideration of a preliminary injunction order made under Rule 60(b) is "procedurally defective" because such an order is "not a final order." *New Falls Corp. v. Soni Holdings LLC*, No. 21-865-cv, 2022 WL 2720517, at *1 n.2 (2d Cir. 2021); *see also Inkel v. Connecticut*, No. 3:14–CV–01303 (MPS), 2015 WL 4067038, at *6 (D. Conn. 2015) (reconsidering an order denying a motion for preliminary injunction pursuant to Rule 54(b)). Regardless, the Court would reach the same result and deny the motion for reconsideration under both Rule 54(b) and 60(b).

however, Plaintiffs have not identified a clear error or a manifest injustice, and therefore, reconsideration is denied.

### A. New Arguments

Plaintiffs argue that the Court erred in concluding that the IDEA exhaustion requirement barred their claim for injunctive relief because Plaintiffs' claims fall under certain exceptions to exhaustion. *See* Dkt. No. 27-2 at 8. Fatally, Plaintiffs did not raise any exception to the exhaustion requirement in its initial briefing. *See* Dkt. No. 23-4 at 7-8.

Generally, a motion for reconsideration is not intended to afford a "losing party an opportunity to . . . introduce arguments . . . that could have been presented, but were not, in opposing the original motion." *NYPPEX, LLC, et al., v. Fin. Indus. Regul. Auth., Inc.*, No. 22-CV-01528 (PMH), 2022 WL 624951, at *1 (S.D.N.Y. Mar. 2, 2022) (quoting *Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petrol. Corp.*, 948 F.2d 111, 115 (2d Cir. 1991)). Indeed, where a motion for reconsideration "raise[s] new arguments that could have been raised" with the original motion, a district court acts within its discretion in denying reconsideration. *Williams v. Romarm*, 751 Fed. Appx. 20, 24 (2d. Cir. 2018) (summary order); *see also Salim v. Patnode*, 9:18-cv-57 (MAD/ATB), 2019 WL 4195175, at *2 (N.D.N.Y. Sept. 4, 2019) ("The purpose of reconsideration is not for 'advanc[ing] new facts, issues or arguments not previously presented to the Court.'" (citation omitted))

Here, Plaintiffs had the opportunity to raise the exceptions to the exhaustion requirement in the initial briefing. *Contra* Dkt. No. 34 at 7. In response to Plaintiffs' request for a preliminary injunction, Defendants argued that Plaintiffs had not satisfied the exhaustion requirement set out in the IDEA. *See* Dkt. No. 22 at 11-20. Plaintiffs responded by claiming that they were "not required to exhaust IDEA administrative remedies to assert claims for disability discrimination

under the ADA and Section 504." Dkt. No. 23-4 at 7. Plaintiffs did not include any mention of exceptions to the exhaustion requirement, but instead, argued that exhaustion was generally inapplicable. *Id.* This Court disagreed. *See generally*, Dkt. No. 26 at 13. Subsequently, in their motion for reconsideration, Plaintiffs pivoted, arguing that they were afforded exemptions from the exhaustion requirement. Dkt. No. 27-2. But Plaintiffs had the opportunity to raise exceptions to the exhaustion bar in response to Defendant's opposition to their motion for a preliminary injunction, and therefore, the Court denies the motion for reconsideration. *See Williams*, 751 Fed. Appx. at 24.

Plaintiffs' attempt to avoid this conclusion are meritless. First, Plaintiffs argue that they "could not have anticipated" that the Court would find that the IDEA exhaustion bar applies, and therefore, they should be excused for not arguing that the exceptions apply. Dkt. No. 34 at 7. But the record demonstrates that this argument is incorrect. Defendants spent a large portion of their opposition to Plaintiff's motion for a preliminary injunction arguing that the exhaustion requirement bars such relief. *See* Dkt. No. 22 at 11-20. At that point, Plaintiffs were on notice that the exhaustion requirement was at issue, and therefore, the Court's decision could not have come as a surprise.

Second, Plaintiffs seem to argue that their citation of cases which, in portions not relied upon by Plaintiffs, discussed the exceptions to the exhaustion bar adequately raised the issue with the Court for purposes of pressing it on a motion for reconsideration. *See* Dkt. No. 34 at 7. But a mere citation to authority for a separate purpose, without more, is not enough to preserve all other legal arguments which the parties could draw from that authority. *See, e.g., Schoolcraft v. City of New York*, 248 F. Supp. 3d 506, 509 (S.D.N.Y. 2017) (recognizing a new argument was rooted in previously cited authority but denying reconsideration because "Plaintiff did not urge" the new

argument in previous briefing). Regardless, the Court did consider the cited authorities, including the discussion of potential exceptions to the exhaustion requirement. In its review of applicable precedent, the Court determined that, in this Circuit, exhaustion applies "unless the plaintiff can allege that an exception should apply." *Levine v. Greece Cent. Sch. Dist.*, 353 Fed. Appx. 461, 463 (2d Cir. 2009) (summary order). In other words, in response to an invocation of the exhaustion requirement, "Plaintiffs bear the burden of establishing that the [applicable] exception[s] appl[y]." *Piazza v. Florida Union Free Sch. Dist.*, 777 F. Supp. 2d 669, 682 (S.D.N.Y. 2009). Thus, in light of Plaintiffs' failure to press the issue, the Court did not have grounds to consider the applicability of the exceptions. *See A.S. v. Bd. Of Educ. Shenendehowa Cent. Sch. Dist.*, 1:17-CV-0501 (LEK/CFH), 2019 WL 719833, at *13 (N.D.N.Y. Feb. 20, 2019) (finding that the Court must apply the exhaustion requirement and preclude claims where "Plaintiffs have not argued that any exceptions to the exhaustion requirement apply").

Third, Plaintiffs state that the issue, "even if characterized as a new argument, should be considered because it is a purely legal argument that requires no additional fact finding." Dkt. No. 34 at 7-8. Plaintiffs present two inapplicable cases in support of this argument, both of which exclusively discuss the ability to raise new arguments on *appeal*, rather than the ability to raise new arguments on a motion for reconsideration. *See Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005) (quoting *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time *on appeal*." (emphasis added))); s*ee also Sniado v. Bank Austria AG*, 378 F.3d 210, 213 (2d Cir. 2004) (quoting *Baker v. Dorfman*, 239 F.3d 415, 420 (2d Cir. 2000)) ("Normally, we will not consider a claim raised for the first time *on appeal*, . . . , unless otherwise directed to do so." (emphasis added)). Seeing as a "motion for reconsideration is not a substitute for an appeal," these

cases are inapplicable to the Plaintiffs' motion, and this argument is rejected.  *Shaughnessy v. Garrett*, No. 5:06-CV-103 FJS GHL, 2011 WL 1213167, at *1 (N.D.N.Y. Mar. 31, 2011).

Again, reconsideration is not a place for "relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Wilson v. Hilton*, No. 5:20-CV-1489, 2024 WL 510286, at *3 (N.D.N.Y. Feb. 8, 2024) (citing *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).  Thus, to the extent that Plaintiffs' motion relies upon the application of exceptions to the exhaustion requirement, an argument which was not previously pressed, the motion is denied.  However, even if Plaintiffs had properly raised the argument, it is meritless.

### B.  Exceptions to IDEA Exhaustion

As explained in this Court's initial order, "[t]he Individuals with Disabilities Education Act (IDEA), . . . seeks to ensure children with disabilities receive a free and appropriate public education."  *Luna Perez v. Sturgis Pub. Sch.*, 598 U.S. 142, 144 (2023).  Usually, claims which fall under the purview of the IDEA, even if formally brought under other statutes, may only be brought in federal court if a plaintiff has exhausted the administrative remedies available.  But exhaustion is not required if the form of relief sought in federal court is not available under the IDEA.  *See Luna Perez,* 598 U.S. at 150; *See also Simmons v. Murphy*, No. 23-288-CV, 2024 WL 2837625, at *3 (2d Cir. June 5, 2024).

However, "[e]xhaustion of IDEA claims is not required if (1) it would be futile to resort to the IDEA's due process procedures; (2) an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law; or (3) it is improbable that adequate relief can be obtained by pursuing administrative remedies."  *Walsh v. King*, No. 1:14–CV–1078 (LEK/RFT), 2014 WL 4630691, at *3 (N.D.N.Y. Sep. 12, 2014) (internal quotation marks omitted).  Within

this framework, the Second Circuit has excused the failure to exhaust administrative remedies where, "(i) the state agency was itself acting contrary to law; (ii) the case involves systemic violations that could not be remedied by local or state administrative agencies; (iii) an emergency situation exists (e.g., the failure to take immediate action will adversely affect a child's mental or physical health); or (iv) the complaint alleges that the defendant school district had failed to implement the clearly-stated requirements of the IEPs." *Frank v. Sachem Sch. Dist.*, 84 F. Supp. 3d 172, 191 (E.D.N.Y. 2015) (citations and internal quotation marks omitted).

Plaintiffs' Motion argues that this case implicates the exceptions for "(i) emergency situations . . . , (ii) clear violation[s] of the law . . . , [and] (iii) when [] exhaustion would be futile either as a legal or practical matter . . . ." Dkt. No. 27-2 at 8. Plaintiffs are wrong in relation to all three exceptions, and thus, even if the exceptions were properly raised prior to the instant motion for reconsideration, the Court would nonetheless apply the exhaustion requirement.

### i.    Emergency Situations

First, Plaintiffs argue that they should be excused from the exhaustion requirement because this case involves an "emergency situation." Dkt. No. 27-2 at 9. In the IDEA context, an "emergency situation" is a situation wherein "'failure to take immediate action will adversely affect a child's mental or physical health.'" *Coleman v. Newburgh Enlarged City Sch. Dist.*, 503 F.3d 198, 206 (2d Cir. 2007) (citing H.R. Rep. No. 296, 99th Cong., 1st Sess. 7 (1985)). Such an exception is to be "sparingly invoked," as to avoid "undermin[ing] the IDEA's statutory mandate for exhaustion." *Coleman*, 503 F.3d at 206.

Plaintiffs argue that this case presents an emergency situation because "J.S. will be irreparably harmed in the absence of immediate court intervention." Dkt. No. 27-2 at 5. Plaintiffs allege that "every day that J.S. goes without receiving the recommended treatment for his

disability, the less likely it is that he will be able to learn important skills necessary for his development." *Id.* at 9.  Indeed, as Plaintiffs point out, several courts have recognized that young students with autism spectrum disorder face a narrow "window of opportunity" for learning, which if ignored, can result in critical issues in the child's long-term development.  Dkt. No. 18-8 at 22; *see also* Dkt. No. 27-2 at 14.  Plaintiffs also argue that there is "no evidence in the record to support a finding that denying ABA services to an autistic child is not an emergency situation because of the proven harm that will result to the autistic child who does not receive such services at an early age." *Id.* at 11.

The Court acknowledges Plaintiffs' strong desire for immediate relief.  Nevertheless, the emergency situation exception does not apply because, even accepting Plaintiffs' assertion of irreparable harm as true, the emergency is, at least in part, "a problem of their own making." *Crocker v. Tenn. Secondary Sch. Athletic Ass'n*, 873 F.2d 933, 937 (6th Cir. 1989) (finding "no exception will be made where plaintiffs assert an emergency that is in fact 'a problem of their own making.'" (citation omitted)); *see also Pelosi o/b/o A.P. v. Ctr. Moriches Union Free Sch. Dist.*, CV 07-91 (FB) (AKT), 2007 WL 9710991, at *17 (E.D.N.Y. June 13, 2007) (finding parents "cannot complain of 'emergency' circumstances as the basis for preliminary injunctive relief when the record demonstrates that the circumstances are in large part of their own making").  Here, Plaintiffs filed the instant motion for a preliminary injunction following a December 10, 2024 Committee on Special Education ("CSE") meeting wherein Defendants yet again denied the provision of ABA services to J.S. in his Individualized Education Program ("IEP").  Dkt. No. 18-8 at 12-13.  However, Plaintiffs allege that Defendants have denied J.S. ABA services since he started kindergarten in 2021.  *Id.* at 8.  Thus, while the December 2024 meeting represents the latest alleged deprivation, Plaintiffs could have challenged the exclusion of ABA services from

J.S.'s IEP for approximately three years prior to seeking the instant preliminary injunction.  This delay undermines Plaintiffs' reliance on the emergency exception.

Even had Plaintiffs acted more promptly, the Court finds they have failed to meet their evidentiary burden to establish an emergency situation.  *Piazza*, 777 F. Supp. 2d at 682 (noting it is Plaintiffs' burden to establish the applicability of exceptions).  In order to establish an emergency situation, other Circuits have required plaintiffs to "provide affidavits from competent professionals along with other hard evidence that the child faces irreversible damage if the relief is not granted."  *Komninos by Komninos v. Upper Saddle River Bd. of Educ.*, 13 F.3d 775, 778-79 (3d Cir. 1994); *Rose v. Yeaw*, 214 F.3d 206, 212 (1st Cir. 2000) (applying the same standard).  For its part, the Second Circuit has recognized that plaintiffs must "provide a sufficient preliminary showing" of irreversible harm to invoke the emergency situation exception.  *Coleman*, 503 F.3d at 206 (quoting *Komninos*).  Here, despite attaching as exhibits various scientific, medical, and administrative documents and an independent educational neuropsychological evaluation supporting their requests for ABA services, Plaintiffs have failed to provide any sworn affidavits or other hard evidence attesting to irreversible harm to J.S. in the absence of ABA therapy.  *See, e.g.,* Dkt. No. 18-3 at 97.

## ii.  Clear Violation of the Law

Second, Plaintiffs argue that "IDEA exhaustion is <u>not</u> required when the school district acted in violation of the law[.]"  Dkt. No. 27-2 at 4 (alterations in original).  However, Plaintiffs interpret the applicable exception far too broadly.  To succeed under this exception, courts assess whether "an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law."  *A.S.,* 2019 WL 719833, at *12 (citing *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d 195, 199 (2d Cir. 2002)).   The "general applicability" language requires

10

that individuals seeking to avoid exhaustion make a claim that is not specific to one child but is instead systemic in nature. *See Baldessarre v. Monroe-Woodbury Cent. Sch. Dist.*, 820 F. Supp. 2d 490, 508 (S.D.N.Y. 2011) (noting that "specifically alleging that Defendants' actions discriminated against and interfered specifically with [a student]'s education alone" was not sufficient to excuse exhaustion under the contrary to law exception); *see also Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) ("[t]here is no allegation of a system-wide violation of the IDEA's mandates or of a district-wide policy of discrimination against hearing-impaired students"), *abrogated on other grounds by Doe v. Franklin Square Union Free Sch. Dist.*, 100 F.4th 86, 102 (2d Cir. 2024).

Here, Plaintiffs state that "[t]he violation of law here is Defendants' deliberate indifference *to J.S.'s rights* by ignoring *medical* (not *educational*) recommendations for services." Dkt. No. 27-2 at 4 (emphasis on "to J.S.'s rights" added). As such, Plaintiffs have not made any allegations against the Defendants on a broader, system-wide scale, but are instead pleading discrimination against J.S. exclusively. As discussed, when faced with similar arguments, courts in this Circuit have recognized that the "acting in violation of the law" exception to exhaustion "clearly refers to a much narrower category of violations than [P]laintiffs apparently believe, namely to legal violations that render the administrative review process ineffective." *M.A. v. New York Dep't of Educ.*, 1 F. Supp. 3d 125, 147 (S.D.N.Y. 2014). Were the Court to apply the exception to all cases in which defendants are alleged to have acted unlawfully against the individual plaintiffs in a given case, such an approach "would, in effect, gut the exhaustion requirement entirely, and would allow every plaintiff to proceed directly to state or federal court on any IDEA-related claim, whether or not that claim had been exhausted." *Id.* Therefore, the exception for unlawful conduct does not apply.

### iii.  Futility

Finally, Plaintiffs argue that the exhaustion bar should not apply because "exhaustion would be futile or should otherwise be excused." Dkt. No. 27-2 at 8 (citing *Simmons v. Murphy*, No. 23-288-CV, 2024 WL 2837625, at *5 (2d Cir. June 5, 2024)).  The Second Circuit has defined futility as a situation where "the wrongs alleged could not or would not have been corrected by resort to the administrative hearing process." *Coleman*, 503 F.3d at 204-05.  Typically, this exception is applied where "(1) the very procedures for assessing and placing students in educational programs were in issue, or (2) the nature and volume of the complaints made the administrative process an insufficient avenue of redress." *Dallas v. Roosevelt Union Free Sch. Dist.*, 644 F. Supp. 2d 287, 294 (E.D.N.Y. 2009) (citing *Cave*, 514 F.3d at 249); *see also S.G. v. Success Acad. Charter Schs.*, 18 Civ. 2484 (KPF), 2019 WL 1284280, at *10 (S.D.N.Y. Mar. 20, 2019) (quoting *J.S. ex rel. N.S. v. Attica Cent. Schools*, 386 F.3d 107, 114 (2d Cir. 2004)).

In support of their argument, Plaintiffs assert that exhaustion would be futile because "seeking injunctive relief after an administrative hearing does not realistically protects [sic] J.S.'s rights[,]" due to the urgency of the requested services. Dkt. No. 27-2 at 9.  As discussed above, Plaintiffs do not allege that the "very procedures" involved in J.S.'s IEP or any other system for assessing educational services are at issue.  To the extent that Plaintiffs argue the urgent and allegedly irreparable "nature" of J.S.'s need for ABA services "ma[k]e[s] the administrative process an insufficient avenue of redress," the Court has already addressed this claim under the "emergency" exception and found that the basis for the argument does not support waiver.

Therefore, even if the Court could consider the exceptions to exhaustion laid out in Plaintiffs' motion for reconsideration, none of the exceptions would apply.

### C.  Other Alleged Clear Errors of Law

Beyond the exceptions to the exhaustion requirement, Plaintiffs seemingly argue that the Court has made other clear errors of law.

First, Plaintiffs argue that because of its focus on IDEA, "the Court failed to appreciate the merits of Plaintiffs' claims under Title II of the Americans with Disabilities Act . . . and Section 504 of the Rehabilitation Act of 1973." Dkt. No. 27-2 at 4.  But the purported strength of Plaintiffs' underlying claims has nothing to do with whether the IDEA exhaustion requirement bars their request for injunctive relief.  Indeed, the Court explicitly noted that in denying the preliminary injunction, it did not bar Plaintiffs' underlying claims for damages under Title II and Section 504. *See* Dkt. No. 26 at 16.  Plaintiffs' argument amounts to no more than frustration with the application of the IDEA exhaustion requirement.

Second, Plaintiffs argue that they "seek to have the Defendants follow experts' medical recommendations for services necessary to accommodate his disability, not education services." Dkt. No. 27-2 at 14.  Put differently, Plaintiffs argue that the Court was mistaken in characterizing the provision of ABA services as education services, not medical care, which would fall outside of the IDEA's scope.  *See id.* at 4 (characterizing ABA therapy services as "*medical* (not *educational*)" (emphasis in original)).  However, as articulated in their motion for a preliminary injunction, Plaintiffs' goals are to have the district "follow the medical recommendations that a structured ABA program be incorporated *as part of J.S.'s educational program.*"  Dkt. No. 18-3 at ¶ 64 (emphasis added); *see also id.* at ¶ 50 (requesting ABA therapy to "ensur[e] our son the student can fully participate in class while managing his autism effectively").  Moreover, when faced with similar complaints related to the provision of ABA services in schools, several courts have found that such claims are subject to the exhaustion requirement of the IDEA.  *See L.A. v.*

13

*New York City Dep't of Educ.*, 1:20-cv-05616-PAC, 2021 WL 1254342, at *5 (S.D.N.Y. Apr. 5, 2021) (finding "insofar as Plaintiffs seek additional services—e.g., ABA therapy" such a request is subject to exhaustion); *H.G. v. Orcutt Union Sch. Dist.*, No. CV 21-4267-DMG (JCX), 2022 WL 18277271, at *5 (C.D. Cal. Nov. 30, 2022) (noting that "Plaintiff further tries to avoid the IDEA's exhaustion requirement by artfully pleading that his ABA therapy constitutes medical services exempt from the IDEA's coverage" and finding that ABA therapy "falls under the 'related services' requirement of the IDEA, and thus requires exhaustion" (citation omitted)); *S.S.V., by & through his father Anthony Vos v. Gresham-Barlow Sch. Dist. NO. 10J,* No. 3:19-CV-341-JR, 2019 WL 13133863, at *3-4 (D. Or. July 17, 2019) (finding ABA services are not exempt from the IDEA exhaustion requirements because they are not provided by a licensed physician); *see also M.G. v. New York City Dep't of Educ.*, 19 Civ. 3092 (PAE), 2020 WL 4905390, at *1 (S.D.N.Y. Aug. 7, 2020) (illustrating a failure to provide ABA therapy is actionable under the IDEA where claimants have exhausted their administrative remedies).   Therefore, Plaintiffs' assertion that ABA services fall outside the ambit of the IDEA and its exhaustion requirement fails to identify a clear error of law.

Third, Plaintiffs argue that the Court overlooked a slew of cases, including *B.D. v. Debuono*, 130 F. Supp. 2d 401, 439 (S.D.N.Y. 2000), *Robert F. v. N. Syracuse Cent. Sch. Dist.*, 5:18-CV-594 (LEK/ATB), 2019 WL 13120328 (N.D.N.Y. July 24, 2019), *Robert F. v. N. Syracuse Cent. Sch. Dist.*, 5:18-CV-594 (LEK/ATB), 2021 WL 3569108 (N.D.N.Y. Aug. 12, 2021), and *Gabel ex rel. L. G. v Bd. of Educ.*, 368 F. Supp. 2d 313, 336 (S.D.N.Y. 2005).  *See* Dkt. No. 27-2 at 13.   Plaintiffs generally assert that these cases support the notion that Defendants acted unlawfully and with reckless indifference.  *Id.*  However, these cases deal with whether plaintiffs have stated and/or proven discrimination claims under Section 504, and thus, are irrelevant to the

14

application of the exhaustion requirement, the sole basis for this Court's denial of the preliminary injunction. Indeed, in relation to Plaintiffs' claims for damages asserted in the Complaint, such authority may prove useful. But the Court's denial of the preliminary injunction was not premised on the strength of Plaintiffs' underlying claims.

Finally, in their reply in support of their motion for reconsideration, Plaintiffs argue that the Court erred in not heeding the Fifth Circuit case *Lartigue v. Northside Indep. Sch. Dist.,* 100 F.4th 510 (5th Cir. 2024). *See* Dkt. No. 34 at 3. In particular, Plaintiffs argue that, pursuant to *Lartigue*, their claims should not be barred because they are discrimination claims. *Id.* at 3-6. The Court has already addressed Plaintiffs' argument that *Lartigue* controls, and regardless, this Court is not bound by its holdings. *See* Dkt. No. 26 at 13 n.9. In any event, Plaintiffs' argument represents a fundamental misunderstanding of *Lartigue* and this Court's prior determination. In *Lartigue*, the Fifth Circuit found that the plaintiff's individual ADA claim could proceed despite the fact that the gravamen of the complaint was a denial of a FAPE. 100 F.4th at 518-19, 23. The court based this holding on the fact that the plaintiff's ADA claim sought "compensatory damages unavailable under the IDEA." *Id.* at 519. Just as in *Lartigue*, this Court made clear that the IDEA exhaustion bar does not prohibit Plaintiffs' claims to the extent Plaintiffs seek compensatory damages. Dkt. No. 26 at 16 ("To be clear, the Court merely finds that the requested preliminary injunction is barred; the claims set forth in the Complaint itself, which seek only compensatory damages not provided for in the IDEA, remain live."). Thus, Plaintiffs have identified no clear error of law, as this Court's decision is in accord with that of the Fifth Circuit in *Lartigue*.

## V.     CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiffs' motion to reconsider, Dkt. No. 27, is **DENIED**.

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 13, 2025
Albany, New York

Anne M. Nardacci
U.S. District Judge

16